**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carol Wenzel, an individual, | No. CV-09-1979-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Thomas and King, Inc., a South Carolina corporation, | |
| Defendant. | |

Plaintiff has filed a motion for leave to file an amended complaint. Doc. 36. The motion is fully briefed. Docs. 37, 39. For reasons stated below, the motion will be denied.

Plaintiff seeks leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure, noting that under this rule leave to amend should be freely given when justice so requires. Doc. 36 at 1-2. Although Rule 15 embodies a liberal amendment policy, that is not the standard to be applied in this case. The Court has issued an order establishing case management deadlines. Doc. 13. Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

In this case, the Court's Case Management Order established a deadline for amending pleadings:

> 2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

Doc. 13 at 1. The order was entered on December 22, 2009, creating an amendment deadline of February 20, 2010. Plaintiff's motion for leave to amend is more than five months late, and Plaintiff does not provide good cause for the tardiness.

Plaintiff seeks to dismiss her negligence claim, asserting that she promptly filed the instant motion following new discovery, including the July 8, 2010 deposition of her husband, which developed issues of negligence. Doc. 36 at 1-2. Plaintiff had two months to conduct discovery on her negligence claim before the time to amend pleadings expired. The Court cannot conclude that Plaintiff was unable to meet the amendment deadline through reasonable diligence. Plaintiff therefore has not established good cause to extend the deadline.

Plaintiff asserts that leave to amend would pose no prejudice to Defendant. Doc. 36 at 2. But good cause, rather than prejudice, is the relevant inquiry. "Although the existence or degree of prejudice to the party opposing the modification [of the amendment deadline] might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Where that party has not been diligent, the inquiry ends and the motion is denied. *Id.*; *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

This suit is more than one year old. Discovery is complete and a motion for summary judgment has been filed (Doc. 42). The Court will not permit the filing of amended pleadings at this late stage of the litigation. Plaintiff's request for leave to amend will be denied. If Plaintiff wishes to dismiss her negligence claim, and Defendant does not object, Plaintiff may file a stipulation of dismissal pursuant to Rule 41(a)(1).

**IT IS ORDERED** that Plaintiff's motion for leave to file amended complaint (Doc. 36) is **denied**.

DATED this 18th day of October, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge

- 3 -